UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

February 13, 2020

### LETTER OPINION AND ORDER

Re: *Irene, et al., v. Michael Whaley Interiors, Inc., et al.*
<u>Civil Action No. 19-14998 (ES) (ESK)</u>

Dear counsel:

Pending before the Court is defendants Michael Whaley Interiors, Inc. ("Whaley Interiors") and Michael Whaley's (collectively, "Defendants")[1] motion to dismiss plaintiffs Larry Irene and Alison Irene's (collectively, "Plaintiffs") Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. Nos. 6 & 6-1 ("Def Mov. Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). As set forth below, the Court GRANTS Defendants' motion.

Plaintiffs allege that on or about September 30, 2013, they engaged Defendants "to provide certain interior design services to Plaintiffs including but not limited to Design Concept Services, Specification and Purchasing Services as well as additional, related services." (Am. Compl. ¶ 9). Plaintiffs further allege that the services Defendants ultimately provided were not in accordance with their obligations under the relevant agreement in several respects, and that Defendants made a number of misrepresentations to Plaintiffs about their services. (*Id.* ¶¶ 17–32). Ultimately, Plaintiffs allege that they "paid more than $1,200,000.00 for these purported interior design services." (*Id.* ¶ 16). Plaintiffs now seek a variety of damages against Defendants for (i) breach of contract; (ii) breach of the covenant of good faith and fair dealing; (iii) misrepresentation/common law fraud; and (iv) violation of the New Jersey Consumer Fraud Act ("NJCFA").[2]

Defendants move to dismiss the Amended Complaint, generally arguing that Plaintiffs (i) fail to provide sufficient factual support for each of their claims, (ii) plead claims that are impermissibly duplicative of one another, and (iii) with respect to the fraud claims, fail to plead sufficient facts under the heightened pleading requirement. (*See generally* Def. Mov. Br.). In

---

[1] Plaintiffs allege that Michael Whaley, as the sole shareholder of Whaley Interiors, controls the operations, decision making, and finances of Whaley Interiors. (D.E. No. 2 ("Amended Complaint" or "Am. Compl.") ¶¶ 27–28).

[2] In their opposition brief, Plaintiffs clarify that the only claims that are brought against Michael Whaley individually are the misrepresentation/fraud claim and NJCFA claim. (D.E. No. 12 ("Pl. Opp. Br.") at 6).

response, Plaintiffs argue that they adequately plead their claims under either the regular or heightened pleading standard for fraud, and that their allegedly duplicative claims are based on different facts or are pled in the alternative. (*See generally* Pl. Opp. Br.). Additionally, Plaintiffs ask that the Court permit an amendment of the Amended Complaint if dismissal is granted.

As a preliminary matter, Plaintiffs use their opposition brief to provide the Court with "a number of additional facts which may be included in . . . an amendment." (*Id.* at 3–4). Plaintiffs describe—in more detail than alleged in the Amended Complaint—how they believe Defendants' services fell below what was promised in the governing contract and/or through Defendants' representations. For example, Plaintiffs explain that (i) some items provided by Defendants were broken on arrival; (ii) some items wore out within mere months; (iii) some furniture items proved to be inappropriate for outdoor use, contrary to representations by Defendants; and (iv) Defendants failed to design Plaintiffs' home in a way that was suitable for children, despite their representation that their work would be performed with a "combination of talent and practical knowledge." (*Id.*). Based on Plaintiffs' admission that they have more facts relevant to their claims and in the interest of efficiency, the Court is inclined to terminate the motion to dismiss to allow Plaintiffs to amend the operative complaint to include these and any other facts relevant to their claims before it considers dismissal.[3] Nevertheless, because the Court also shares some of the same concerns raised by Defendants in their motion to dismiss, the Court addresses them.

***Legal Standards***: Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." But, to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). A complaint cannot suffice "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement,'" because while Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555 & 557). The Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *See, e.g.*, *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016).

***Breach of the Agreement (Count I)***: Defendants argue that Plaintiffs do not adequately allege a breach of contract claim because the Amended Complaint fails to allege a single portion of the agreement that Defendants violated. (Def. Mov. Br. at 7–9). Although Plaintiffs do provide some general allegations about what the agreement required and what the Defendants "failed to" do, Plaintiffs do not adequately tie those allegations to specific provisions of the governing

---

[3] "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (alteration omitted). As such, the Court makes no determination as to the *sufficiency* of the additional allegations in this Opinion. *See Baldeo v. City of Paterson*, No. 18-5359, 2019 WL 277600, at *11 (D.N.J. Jan. 18, 2019) (explaining that the Court will not "opine on a theory that has not been pled in the [Amended] Complaint").

contract.[4] *See Grande Village LLC v. CIBC Inc.*, No. 14-3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015) (explaining that a breach of contract claim must "identify what contractual provision was breached"). Additionally, even if the Court were to infer which portions of the agreement were allegedly violated, Plaintiffs' allegations as to *how* the Defendants breached the agreement are scarce, and the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662; *see also Frederico v. Home Depot*, 507 F.3d 188, 204 (3d Cir. 2007). Count I is thus dismissed, *without prejudice*.

***Breach of the Covenant of Good Faith and Fair Dealing (Count II)*:** Defendants argue that Plaintiffs' claim for breach of the covenant of good faith and fair dealing cannot survive because it is entirely duplicative of the breach of contract claims. (Def. Mov. Br. at 9–10). In response, Plaintiffs argue that their claims are permissibly pled in the alternative. (Pl. Opp. Br. at 10–11). The Court agrees with Defendants that the Amended Complaint, as currently drafted, expressly bases this claim on the same conduct that forms the basis of the contract claim: "Defendants breached the covenant of good faith and fair dealing by failing to satisfy their obligations under the Agreement and otherwise." (Am. Compl. ¶ 41). And under New Jersey law, "[a] breach of the covenant of good faith and fair dealing must not arise out of the same conduct underlying an alleged breach of contract action." *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2013 WL 6048720, at *3 (D.N.J. Nov. 14, 2013) (citing *Wade v. Kessler Inst.*, 798 A.2d 1251, 1259–60 (N.J. 2002)). But the Court also recognizes that "pleading in the alternative is permissible in New Jersey, ***so long as the alternative claims meet the pleading standards.***" *In re AZEK Bldg. Prod., Inc., Mktg. & Sales Practices Litig.*, 82 F. Supp. 3d 608, 620 (D.N.J. 2015). Thus, although Plaintiff may be able to plead duplicative claims in the alternative,[5] the Court finds that the breach of the covenant of good faith and fair dealing claim is insufficiently pled for the same reasons the breach of contract claim is insufficiently pled. As such Count II is also dismissed, *without prejudice*.

***Fraud Claims (Counts III, IV, and V)*:** Defendants argue that Plaintiffs' fraud-based claims should be dismissed for failure to comply with the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). (Def. Mov. Br. at 12–14). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff may satisfy Rule 9(b) by pleading the date, place or time of the fraud, or through alternative means of "injecting precision and some measure of substantiation into the[] allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). In sum, the Third Circuit has advised that, "at a minimum," a plaintiff must support allegations of fraud "with all of the essential factual background that would accompany the first

---

[4] By comparing the Amended Complaint to the agreement, the Court can infer at least some provisions that were allegedly breached, but others are not so clear. Additionally, because Plaintiffs seem to argue that at least some of their claims are based on language that is "subsumed" in the contract or "implied in fact" (Pl. Opp. Br. at 9–10), the Court cannot adequately determine where Plaintiffs are alleging a breach of the agreement itself.

[5] The Court notes that courts in this district do not always permit alternative pleading of claims for breach of contract and breach of the covenant of good faith and fair dealing, especially where the claims are identical. *Lewis v. Gov't Employees Ins. Co.*, No. 18-5111, 2019 WL 1198910, at *3 (D.N.J. Mar. 14, 2019). But because neither claim is adequately pled here, the Court does not have sufficient information to dismiss the claims as duplicative at this time. The Court may revisit this issue as it pertains to any second amended complaint.

paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." *In re Rockefeller Ctr. Prop. Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (internal quotation marks omitted). Plaintiffs' conclusory statements that defendant Michael Whaley made various representations or misrepresentations to them, without more, are plainly insufficient. (*See* Am. Compl. ¶¶ 15, 30–32, 45–46 (pg. 7) [6] & 45 (pg. 8)). Accordingly, Counts III, IV, and V are dismissed, *without prejudice*, for failure to state a claim.[7]

*Leave to Amend*: Plaintiffs request leave to amend the Amended Complaint (Pl. Opp. Br. at 14–16), and Defendants oppose this request, arguing that any amendment would be futile (D.E. No. 13 at 7). Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." However, no amendment should be permitted if an amendment would be futile. *See Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990). The Court is not convinced that amendment would be futile, and thus Plaintiffs are granted leave to file a second amended complaint.

Accordingly, IT IS on this 13th day of February 2020,

**ORDERED** that Defendants' motion to dismiss is GRANTED; the Amended Complaint is dismissed *without prejudice*; and it is further

**ORDERED** that Plaintiffs are granted leave to amend; Plaintiffs have thirty days from the date of entry of this Order to file a second amended complaint addressing the deficiencies discussed in this Letter Opinion and Order, and failure to do so may result in dismissal of any or all claims *with prejudice*; and it is further

**ORDERED** that the Clerk of Court shall terminate Docket Entry Number 6.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] The Court uses page numbers since certain paragraphs numbers were repeated in the Amended Complaint.

[7] Defendants also argue that Plaintiffs' misrepresentation/common law fraud claim is barred by the economic loss doctrine, which prohibits a plaintiff from recovering in tort economic losses to which their entitlement only flows from a contract. (Def. Mov. Br. at 11–12). But because Plaintiffs' fraud allegations are insufficiently pled, the Court cannot make a determination as to whether this claim should be barred by the doctrine of economic loss.